FILED
OCT 0 5 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ISHTAR AVRIL HERTNEKY,

Plaintiff,

v.

PORTAGE COUNTY COURT OF COMMON PLEAS,
DOMESTIC RELATIONS DIVISION,

Defendant.

Case No. 5:26 CV 2623

Judge

COMPLAINT FOR VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

**JUDGE FLEMING**

**MAG JUDGE GRIMES**

## INTRODUCTION

1. Plaintiff Ishtar Avril Hertneky brings this action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, based on alleged failures to provide equal and meaningful disability access to the services, programs, and activities of the Portage County Court of Common Pleas, Domestic Relations Division.

2. Plaintiff is Deaf and uses American Sign Language (ASL) as her primary language. Plaintiff alleges that communication barriers, lack of effective disability-access assistance, and failures to provide meaningful access substantially impaired her ability to participate in domestic-relations and child-custody proceedings.

3. This action challenges alleged disability-access failures. Plaintiff is not asking this Court, through this Complaint, simply to sit as an appellate court and reverse a state-court custody judgment.

## PARTIES

4. Plaintiff Ishtar Avril Hertneky is an individual with a disability within the meaning of the ADA and is Deaf.

5. Defendant Portage County Court of Common Pleas, Domestic Relations Division is the Ohio state-court division that provided the court services at issue in this Complaint. Plaintiff alleges that Defendant is subject to Title II of the ADA as a public entity. Defendant's address is 203 W. Main Street, Ravenna, Ohio 44266.

## JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title II of the ADA, 42 U.S.C. § 12132.

7. Venue is alleged to be proper in the Northern District of Ohio because the events complained of occurred in Portage County, Ohio, within this District and the Akron division.

## FACTUAL ALLEGATIONS

8. Plaintiff was involved in domestic-relations and child-custody proceedings in the Portage County Court of Common Pleas, Domestic Relations Division.

9. Because Plaintiff is Deaf and ASL is her primary language, she required effective communication and disability accommodations to understand proceedings, communicate with court participants, prepare and file documents, and participate meaningfully in her case.

10. Plaintiff repeatedly sought disability-related communication access and assistance during the proceedings. She alleges that she experienced delays, denials, or other problems obtaining effective communication and meaningful assistance.

11. In approximately April 2025, while Plaintiff was self-represented, Plaintiff alleges that court personnel would not provide an ASL or video explanation of court documents and would not provide the type of procedural assistance she was seeking. Plaintiff alleges that she had difficulty understanding complex written legal English and navigating the process without effective accessible assistance.

12. Plaintiff alleges that requests concerning interpreters and effective communication were not consistently resolved. She further alleges that, for an extended period in 2025, she lacked effective communication access while attempting to participate in matters involving her children.

13. Plaintiff alleges that a guardian ad litem involved in the domestic-relations proceedings did not conduct an in-person interview with Plaintiff using an ASL interpreter and that Plaintiff experienced additional communication barriers in interactions connected to the case.

14. In July 2025, while Plaintiff was attempting to obtain subpoena materials relating to supervised-visitation records, Plaintiff alleges that court staff would not email the form and required her to obtain, complete, file, and arrange service of the subpoena without effective accessible assistance. Plaintiff alleges that she sought supervisory help but remained unable to obtain the assistance she needed.

15. Plaintiff repeatedly sought help from legal-aid and disability-rights resources because she could not afford private representation and was struggling to navigate the proceedings as a Deaf, self-represented litigant. Plaintiff alleges that these efforts did not provide her with meaningful assistance in the custody and divorce matter.

16. Plaintiff alleges that the courthouse did not provide an effective and readily accessible ADA office or comparable disability-access system through which she could obtain meaningful help resolving accommodation and communication-access problems.

17. Plaintiff alleges that, when she raised disability-access concerns, she was repeatedly redirected among individuals or organizations rather than receiving an effective resolution of the barriers she reported.

18. Plaintiff alleges that filings were rejected or struck without explanations that were sufficiently accessible or understandable to her, impairing her ability to participate fairly while self-represented.

19. Plaintiff alleges that these barriers occurred in proceedings affecting her relationship and parenting time with her children and therefore had exceptionally serious consequences for her.

20. Plaintiff experienced severe financial instability during the course of these proceedings and became homeless. Plaintiff contends that the disability-access barriers described above contributed to a chain of events that caused or worsened her financial and housing instability.

21. Plaintiff alleges that she suffered emotional distress, loss of meaningful access to court services, financial harm, housing instability, and disruption to her relationship and time with her children as a result of the alleged conduct.

22. Plaintiff does not allege merely that she was dissatisfied with the outcome of the state proceedings. She alleges independent discrimination and denial of meaningful access to state-court services because of disability.

**COUNT I**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12132**

23. Plaintiff incorporates the preceding paragraphs as though fully stated here.

24. Title II of the ADA provides that a qualified individual with a disability shall not, by reason of disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

25. Plaintiff alleges that she is a qualified individual with a disability and that the court proceedings and related court services described above are services, programs, or activities covered by Title II.

26. Plaintiff alleges that Defendant knew that she was Deaf and required disability-related communication access.

27. Plaintiff alleges that Defendant failed to provide equal and meaningful access and failed to respond effectively to disability-access barriers, thereby excluding her from or denying her the benefits of court services on an equal basis.

28. Plaintiff alleges that these failures caused the injuries described in this Complaint.

## REQUEST FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Declare, to the extent supported by the evidence and law, that the disability-access practices challenged in this Complaint violated Title II of the ADA;

B. Enter appropriate prospective injunctive relief requiring an effective ADA-accessibility system for Deaf and disabled litigants, including a clear process for requesting accommodations, obtaining effective communication, and addressing alleged accommodation failures;

C. Order such additional reasonable modifications, policies, training, or procedures as the Court finds necessary and legally permissible to provide meaningful access to court services;

D. Award compensatory damages to the extent legally available and proven;

E. Award allowable costs; and

F. Grant such other relief as the Court determines to be just and proper.

## SIGNATURE

Respectfully submitted,

[signature]

Ishtar Avril Hertneky, Pro Se

Mailing Address: 800 Florida Ave NE #741

City/State/ZIP: Washington, DC 20002

Email: avrilhertneky@gmail.com

Telephone / Relay Contact (if used): 216-354-0556

Date: Sept 14, 2026